UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE BONILLA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. TOSCANO, *Correctional Officer*,<br><br>　　　　　Defendant. | Case No.  1:25-cv-00211-HBK (PC)<br><br>ORDER DEFERRING RULING ON MOTION TO PROCEED IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST[1]<br><br>MARCH 20, 2025 DEADLINE |

Pending before the Court for screening under 28 U.S.C. § 1915A is the pro se civil rights complaint filed under 42 U.S.C. § 1983 by Rene Bonilla—a prisoner, which was constructively filed on February 4, 2025.[2] (Doc. No. 1, "complaint"). Also pending is Plaintiff's motion to proceed *in forma pauperis*. (Doc. No. 2). Upon review of the complaint, it appears Plaintiff did not complete the administrative remedies available through the California Department of Corrections ("CDCR") prior to commencing this action. A failure to exhaust administrative remedies is fatal to a prisoner's complaint.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

[2] The Court applies the "prison mailbox rule" to *pro se* prisoner complaints, deeming the complaint filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court. *See Saffold v. Newland,* 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold,* 536 U.S. 214 (2002). Plaintiff certifies he delivered the complaint to correctional officials on February 4, 2025. (*See* Doc. No. 1 at 24).

Prior to ruling on Plaintiff's motion to proceed in forma pauperis and assessing the $350 filing fee and recommending a dismissal of this action, the Court will afford Plaintiff two options: (1) to voluntarily dismiss this action without prejudice to refiling a new action once the administrative remedies are fully exhausted; or (2) show cause why the Court should not dismiss the complaint for failure to exhaust administrative remedies which appears apparent from the face of the complaint. Plaintiff is warned that if he commenced this action <u>before</u> properly and fully exhausting his administrative remedies and he is not excused from the exhaustion requirement, a dismissal on this basis will count as a strike under 1915(g).[3] *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016). Alternatively, because no defendant has yet been served, Plaintiff may file a notice of voluntarily dismissal without prejudice under Federal Rule of Civil Procedure 41 to avoid a strike. Once the administrative remedies are fully and properly exhausted, Plaintiff may refile a new complaint in a new action.

Plaintiff is advised that under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is condition precedent to filing a civil suit. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." (citation omitted)). The exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, the nature of the relief sought by the prisoner, or the relief offered by the prison's administrative process is of no consequence. *Booth v. Churner*, 532 U.S. 731, 741 (2001). And, because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an untimely or procedurally defective grievance or appeal. *Woodford*, 548 U.S. at 93.

---

[3] An inmate who accumulates three or more strikes may be barred from proceeding *in forma pauperis* in future civil actions.

2

1  The PLRA recognizes no exception to the exhaustion requirement, and the court may not
2  recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862
3  (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the
4  prisoner." *Id.* at 1856. A defendant has the burden of showing that "*some* relief remains
5  'available.'" *Brown v. Valoff*, 422 F.3d 926, 936-937 (9th Cir. 2005). "To be available, a remedy
6  must be available 'as a practical matter'; it must be 'capable of use; at hand.'" *Albino v. Baca*,
7  747 F.3d 1162, 1171 (9th Cir. 2014) (quoting *Brown*, 422 F.3d at 937).

8  A prisoner need not plead or prove exhaustion in a civil rights action. Rather, is an
9  affirmative defense that must be proved by defendant. *Jones v. Bock*, 549 U.S. 199, 211 (2007).
10 A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies
11 the PLRA exhaustion requirement. *Id.* at 218. However, where exhaustion is apparent from the
12 face of a complaint, the court is required to dismiss the complaint without prejudice, and the
13 dismissal constitutes a strike under the PLRA. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44
14 (9th Cir. 2016).

15 Here, Plaintiff admits on the face of his complaint that there is administrative remedy
16 process available to him at his institution, but in response to whether the process is complete he
17 checks both boxes, "Yes" and "No" and states "I'm submitting the last level today 1/24/25."
18 (Doc. No. 1 at 3, ¶5 (d)). As noted, exhaustion is a condition precedent, in other words an inmate
19 must have completed the available administrative remedy **before** he files his civil action in
20 federal court. Thus, if Plaintiff had not received a response from CDCR to his appeal at the time
21 he constructively filed this action, the action will be considered prematurely filed and subject to
22 dismissal. In an abundance of caution, the Court will defer ruling on Plaintiff's motion to
23 proceed *in forma pauperis* and assessing the $350 filing fee in case Plaintiff wishes to avail
24 himself of the option of dismissing this case without prejudice and refiling after he receives a
25 response to this appeal.
26 ////
27 ////
28 ////

Accordingly, it is hereby ORDERED:

1. **No later than March 20, 2025**, Plaintiff shall deliver to correctional officials for mailing his response to this order to show cause why this action should not be dismissed for his failure to exhaust his administrative remedies.
2. In the alternative, by the same date, Plaintiff may deliver a notice of voluntary dismissal without prejudice under Federal Rules of Civil Procedure 41(a)(1)(A)(i).[4]
3. Plaintiff's failure to timely to respond to this show cause order will result in the recommendation that this action be dismissed either as a sanction for failure to comply with a court order or prosecute this action consistent with Local Rule 110 and/or for failing to exhaust administrative remedies.

Dated:    February 20, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[4] This procedural rule vests a plaintiff with authority to voluntarily dismiss an action without prejudice before a party responds to the operative complaint as a matter of law.  A without prejudice dismissal permits a party to refile an action.

4